TEXAS & P. RY. CO. v. DASHIELL.

(Circuit Court of Appeals, Fifth Circuit. February 2, 1904.)

No. 1,278.

1. INJURY TO EMPLOYÉ—MASTER'S LIABILITY—QUESTION FOR JURY.

Facts in an action against a railroad company for injury to its conductor by a rear-end collision with his train of another train *held* to require submission of the issues to the jury.

In Error to the Circuit Court of the United States for the Northern District of Texas.

T. J. Freeman and Geo. Thompson, for plaintiff in error.

Ben M. Terrell, for defendant in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

McCORMICK, Circuit Judge. This is an action for personal injuries, brought by the defendant in error, George H. Dashiell, by his next friend and mother, Mrs. Mary J. Dashiell, against the plaintiff in error, the Texas & Pacific Railway Company. The learned judge before whom this case was tried in the circuit court, in his charge to the jury, thus clearly and correctly states the issues made by the pleadings:

"George H. Dashiell, by his next friend, Mrs. Mary J. Dashiell, sues the defendant, the Texas & Pacific Railway Company, for damages alleged to have been sustained by him by reason of personal injuries received on the 24th day of December, 1900, while he was in the service of the defendant company, and conductor of a freight train. It is alleged that while he was in charge of a freight train as a conductor, running in an easterly direction on defendant's road, in Eastland county, the train of which he was in charge, and on which he was riding, was run into and collided with by another freight train following his; that said collision was caused by reason of the negligence and carelessness of the defendant and its agents and employés engaged in operating the train which collided with the one of which plaintiff was in charge. It is alleged that the defendant and its employés operating the train which collided with the one on which plaintiff was riding were guilty of negligence in running the same with the cars in front of the engine, the cars being pushed instead of being pulled by the engine; that the defendant and its employés were also guilty of negligence in not maintaining a sufficient watch or lookout to ascertain the proximity of the train on which he was riding; and, further, that the defendant, at the time and place of the collision, and prior thereto, had enforced, for the government and guidance of its employés operating the colliding trains, rules and regulations substantially to the effect that, when one freight train follows another, it should not do so at a less distance of space and time than five minutes, and that the defendant, its agents and employés, were, at the time of the collision, negligently violating said rules, and were operating the colliding train at a much less distance of space and time than five minutes; and that, by reason of this negligent disregard of the rules of the company, the accident was caused and contributed to. It is charged that by reason of these various acts of negligence the collision was occasioned, and plaintiff injured thereby. Plaintiff alleges that since the accident he has been non compos mentis—that is, his mind is weak and unsound—and that he is incapable mentally of transacting any business, and that such is his condition now. He also charges that he was badly burned and bruised about the legs, sides, back, arms, hands, and head, and that his left eye has become seriously affected by reason of the injury to his head. He alleges that, as a result of the alleged negligence of the defendant, and his injury consequent thereon, that he now suffers and will continue to suffer great physical pain and mental anguish. He also alleges his damages.

"The defendant, the Texas & Pacific Railway Company, answers the petition of plaintiff, and denies each and every allegation contained therein. For special answer, it, in part, says that plaintiff cannot recover in this action for the reason that he was himself guilty of negligence which directly and proximately caused and contributed to his injuries, and that, but for such negligence on his part, the accident resulting in his injuries would not have occurred; that the negligence on the part of plaintiff was as follows: That he, while riding upon the freight train of which he was in charge, had full knowledge that another train was following his train; that he directed and knew, or should have known, that his train was to be brought to a standstill, or the speed of the same slackened, in order that a person who was riding upon the

same might get off; that he negligently and carelessly failed to send any flagman back to warn the train following, or place any torpedo upon the track, or give any signal or warning to the rear train, or use any precaution whatever to apprise the rear train that the speed of the train upon which plaintiff was riding would be or had been lessened; that it was the duty of the plaintiff, under the circumstances, to see that those in charge of the rear train should not approach too near to the train upon which he was riding, and to use all proper signals to accomplish that result; that, had plaintiff used reasonable care in this respect, said accident would not have occurred. The defendant further charges that Dashiell and it made and entered into a certain contract of agreement and release, by which it paid Dashiell the sum of $30, and for such consideration was released from all liability for damages resulting from said accident and injury.

"The plaintiff, by its supplemental petition and answer to the defendant, alleges that the release made by him was for certain of the injuries so suffered, but did not include the injury occasioned to his mind, nor the injury occasioned to his left eye, by reason of said accident; that these latter injuries were not in contemplation of the parties at the time the contract of release was entered into, and the defendant's liability, therefore, is not released by said contract."

A number of witnesses were called by each of the parties to testify as to the conditions and circumstances under which the injuries complained of were received. In the volume of the testimony there is ample evidence tending to show the negligence of the defendant below (the plaintiff in error). As to the burden of the proof, and the duties and obligations of the defendant railway company, and the practical definitions of the terms "negligence" and "contributory negligence" and "ordinary care," and the liability, or not, of the respective parties in view of these definitions, applied to the proof, these are all covered, and correctly, by the general instructions of the trial judge. The fellow-servant doctrine, as held at common law, does not apply to this case, by reason of the Texas statute of June 18, 1897 (Sess. Acts, 1st Called Sess. 25th Leg.; Laws 1897, p. 14, c. 6).

At the request of the plaintiff in error, the judge gave the following charges:

"(4) In determining the question of the negligence of Dashiell, it is your duty to take into consideration the facts surrounding the situation. You should take into consideration the fact that he knew, or ought to have acted upon the presumption, that a train was following or liable to be following him, and the fact that he had caused the speed of his train to be lessened, and the position and place of the train, and, from all these facts, determine whether or not a reasonably prudent person, in the exercise of ordinary care, would by some proper signal have notified those upon the rear train of this fact. It was the duty of Dashiell to use reasonable care to protect his train, and if he failed in this respect, and such failure caused and contributed to the accident—that is to say, but for such failure on his part the accident would not have occurred—then they will find for the defendant, even though there was negligence on the part of those upon the rear train."

"(7) The duty of the railroad company towards its employés in reference to the running and operating of its trains is that it use ordinary care. Although the jury may find that it would have been safer to run the train with the engine ahead of the cars headed either east or west, yet if they find that the manner in which it was operated was such as a reasonably prudent person, in the exercise of ordinary care, would have operated it, under all the conditions and circumstances, taking into consideration the rules and regulations of practical railroading, then in such respect the defendant would not be negligent, and no liability would arise therefrom."

"(9) The jury are instructed that the fact that some kind of settlement was made with Dashiell with reference to his injuries, or a part of same, is not

evidence of admission on the part of the defendant that any liability existed, and, in so far as determining the liabilities of the defendant, you will exclude that from your consideration, and try the case alone upon the law as given by the court, and the evidence admitted under its ruling; and the same considerations will apply to the fact that Dashiell was not discharged by the company, but retained in its service. These are not matters which you will look to at all, but which you will exclude entirely from your consideration of this case."

In connection with requested charge No. 9, as just shown, the judge, on his own motion, gave this further charge:

"On the question of the release of the defendant from liability for the injury sustained by plaintiff, you are charged that the agreement entered into between the plaintiff and the defendant company, which has been introduced in evidence, is a release of the defendant from liability for the particular injuries which are enumerated in the face thereof, to wit, injuries to his body, right leg, right arm, and a scalp wound. The court does not, however, construe it to be a release for the injuries alleged to have been received by him, resulting in the impaired mental powers, and in the partial loss of sight in his left eye. These injuries are those for which damages are sought in this action, and the consideration of which will be submitted to you in this charge."

Besides the requested charge No. 4, as shown above to have been given, the judge, on his own motion, charged the jury, as follows:

"Now, if you believe from the evidence that the plaintiff, Dashiell, failed to send back any flagman to warn the train which was following his train, and failed to have any torpedoes put upon the track, and failed to give a signal or warning to the rear train, or to so use any of the precautionary measures testified about to apprise the train following that the speed of the train of which he was in control had been slackened, and if you believe that his failure to take any one or more of these precautionary steps was negligence on his part, and if you believe that this negligence on his part directly and proximately contributed to the accident which resulted in his injuries, then and in that event it will be your duty to find for the defendant, even though you should find that it, through its agents and servants, was guilty of negligence in any one or all of the respects referred to in this charge. If you believe from the evidence that the injuries and troubles of which the plaintiff now complains are the result of a failure on his part to take proper care of himself in the use by him of intoxicating liquors, then and in that event it will be your duty to find for the defendant."

There was no proof in the case tending to show that the train of which the defendant in error was conductor came to a full stop at any time or place near the happening of the accident. There was conflict in the testimony as to how far its rate of speed was slackened at any time. It was shown beyond dispute that near the place where the accident occurred the rate of speed was slackened sufficiently to allow an employé to alight from the train. There was proof tending to show that the conductor of the following train had been informed that at the place, or near the place, where the employé left the forward train, its conductor had orders to let this employé off.

The defendant requested the court to give its special charge No. 1, as follows: "In this case, under the law and the evidence, the jury will return a verdict for the defendant." This charge the court refused to give, and this refusal is assigned as error. We have carefully examined all of the testimony offered on the trial, and are clear in our view that the court did not err in refusing to withdraw the issues of fact from the jury. The other assignments present the usual ques-

tions raised in actions of this kind, and a careful examination of the briefs of the respective counsel has satisfied us that this case does not call for a reannouncement of rules already settled, or for any illustration of them by pointing out their application to the particular circumstances and conditions which the proof in this case presents.

We have been unable to find any error in the action of the trial judge for which his judgment should be reversed, and it is therefore affirmed.